ERNEST v WEIGANDT

Ohio Appeals, 3rd Dist, Hancock Co

No 256. Decided Feb 20, 1929

W. S. Snook, Findlay, for Ernest.

**HUGHES, J.**

It is clear from a reading of the granting clause, together with the habendum clause, that the interest conveyed was a fee simple, subject to be defeated upon the happening of a certain event, that is, that the grantee should die without issue surviving her. The limiting clause that it should be for her lifetime only should she die without issue, does not create a life estate only, but, as said before, creates a base fee subject to be defeated upon the happening of this event, and hence the rule in Shelley's case as claimed by plaintiff cannot be applied.

The defendant is in this case not representing any other person or class of persons than himself. He has no interest in the property. He is simply one of the heirs of the grantor; and, from other evidence in the case, would be also an heir of the grantee, being her brother. There is no present interest conveyed to him either directly or indirectly. If the grantee have issue surviving her, of course the estate would ripen into a perfect fee simple. If she should die without issue surviving her, then those who are nearest of kin would take the fee.

It must follow, from all that appears in the case, that defendant could have no present interest adverse to the plaintiff and her title should be quieted as to him, as prayed for in the petition. This was the only purpose of this law suit and this is all that our decree can cover. Therefore the judgment is for the plaintiff, quieting her title as against the defendant.

Before Judges Hughes, Justice and Crow.